

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00296-CR

MICHAEL DEAN DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Criminal Court No. 2
Tarrant County, Texas[1]
Trial Court No. 1711862, Honorable Betty Arvin, Presiding

December 29, 2022

ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Michael Dean Davis, appeals his conviction for driving while intoxicated.[2] The appellate record was originally due November 28, 2022. The clerk's record was filed by this deadline, but the reporter's record was not. By letter of December 8, 2022, we notified the reporter that the record was overdue and directed her to advise

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 49.04.

this Court of the status of the record by December 19. To date, the reporter's record has not been filed and the reporter has had no further communication with this Court.

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by January 30, 2023.

Should the reporter file the record on or before January 12, 2023, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

2

It is so ordered.

Per Curiam

Do not publish.